NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0448-14T2

CHINWE ATUEGWU,

 Plaintiff-Appellant,

v.

EAST ORANGE GENERAL HOSPITAL,

 Defendant-Respondent.
___________________________________

 Submitted October 24, 2017 – Decided November 3, 2017

 Before Judges Fasciale and Moynihan.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Docket No. L-6958-
 13.

 Chinwe Atuegwu, appellant pro se.

 Sachs, Maitlin, Fleming & Greene, attorneys
 for respondent (Raymond J. Fleming, of counsel;
 Christopher Klabonski, on the brief).

PER CURIAM

 Plaintiff appeals from an August 22, 2014 order denying her

motion for reconsideration of a July 11, 2014 order, which denied

an earlier motion for reconsideration of a March 14, 2014 order
denying her request to enter default against defendant.1 We

affirm.

 In September 2013, plaintiff filed her complaint against

defendant. In December 2013, defendant filed an answer and

propounded discovery on plaintiff. In February 2014, plaintiff

filed her motion to enter default. On March 14, 2014, the judge

denied plaintiff's motion to enter default.

 The record is unclear as to the exact date on which plaintiff

filed her motion for reconsideration of the March 14, 2014 order,

but it appears that plaintiff waited until late June or early July

2014. On July 11, 2014, the judge denied plaintiff's motion for

reconsideration of the March 14, 2014 order. Although plaintiff

filed an untimely motion for reconsideration, the judge denied it

on the merits.

 Plaintiff then sought reconsideration of the July 11, 2014

order. The record is unclear as to the exact date on which

plaintiff filed her motion for reconsideration of the July 11,

2014 order, but it appears that she waited until some point in

August 2014. On August 22, 2014, the judge denied plaintiff's

1
 On August 22, 2014, the judge also dismissed plaintiff's
complaint with prejudice for failure to provide discovery;
however, plaintiff did not appeal from the August 22, 2014 order
dismissing her complaint. In entering the August order dismissing
the complaint with prejudice, the judge correctly followed the
two-step process outlined in Rule 4:23-5(a).

 2 A-0448-14T2
motion for reconsideration of the July 11, 2014 order. Although

plaintiff may have filed it out of time, the judge considered the

motion on the merits.

 On appeal, plaintiff argues that the judge abused his

discretion by denying her second motion for reconsideration. We

conclude that plaintiff's argument is "without sufficient merit

to warrant discussion in a written opinion." R. 2:11-3(e)(1)(E).

We add the following brief remarks.

 Reconsideration is reserved "for those cases which fall into

that narrow corridor in which either 1) the [c]ourt has expressed

its decision based upon a palpably incorrect or irrational basis,

or 2) it is obvious that the [c]ourt either did not consider, or

failed to appreciate the significance of probative, competent

evidence." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div.

1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch.

Div. 1990)). The decision to deny a motion for reconsideration

falls "within the sound discretion of the [trial court], to be

exercised in the interest of justice." Ibid. (quoting D'Atria,

supra, 242 N.J. Super. at 401).

 Rule 4:49-2 requires parties seeking reconsideration of an

order to file such a motion within twenty days after service of

the order. The twenty-day limitation is fixed and a court may not

enlarge the deadline. R. 1:3-4(c). A party's motion for

 3 A-0448-14T2
reconsideration "shall state with specificity the basis on which

it is made, including a statement of the matters or controlling

decisions which counsel believes the court has overlooked or as

to which it has erred." R. 4:49-2.

 Here, plaintiff filed her first motion for reconsideration

beyond the twenty-day limitation. For that reason alone, the

judge could have denied that motion. And it appears that the same

can be said for the filing of the second motion for

reconsideration. Nevertheless, and as to both orders denying

reconsideration, plaintiff has failed to show that the judge

expressed his decision based upon a palpably incorrect or

irrational basis, or that it is obvious that the judge either did

not consider, or otherwise failed to appreciate the significance

of probative, competent evidence.

 Plaintiff filed her motion to enter default two months after

defendant had filed its answer to the complaint. As a result,

there was no basis to enter default against defendant. Therefore,

in denying plaintiff's motions for reconsideration, the judge did

not abuse his discretion.

 Affirmed.

 4 A-0448-14T2